**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **VILT LAW, P.C.** | § | |
| | § | |
| **v.** | § | **CAUSE NO. 4:22-cv-4217** |
| | § | |
| **JPMORGAN CHASE BANK, N.A.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Vilt Law, P.C., Plaintiff herein, filing this it's Original Complaint

complaining of JPMorgan Chase Bank, N.A., Defendant herein, and for causes of action would

respectfully show the Court as follows:

## PARTIES

1.     Vilt Law, P.C. is an entity formed under the laws of the State of Texas which may

be served with process on the undersigned legal counsel.

2.     JPMorgan Chase Bank, N.A. is an entity formed under the laws of the State of

Ohio which may be served with process as follows:

> JPMorgan Chase Bank, N.A.
> c/o any corporate officer or branch manager
> 4 New York Plaza, Floor 22
> New York, NY  10004-2413

## DIVERSITY JURISDICTION

3.     Where there is complete diversity of citizenship among the parties and the amount

in controversy exceeds $75,000 exclusive of interest and costs, an action may be filed in federal

court. *See* 28 U.S.C. Section 1332(a). Complete diversity exists in this case because Plaintiff is

not a citizen of the same state as Defendant and this action involves an amount in controversy

1

exceeding $75,000 exclusive of interest and costs.

## RELEVANT FACTS

4.      The subject matter of this lawsuit is the ownership of $25,000,000 (the "Funds").

5.      Vilt Law, P.C. is an escrow agent for HPS Production AB ("HPS"). In conjunction with it's investment in a resort development project, HPS Production AB sent the Funds via Swift GPI MT103 cash transfer on October 10, 2022 at 09:15:47 from UBS Switzerland located at Badstrasse 12, 5400 Baden, Switzerland. The Funds were received on October 10, 2022 at 10:03:16 by UBS Europe SE located in Frankfurt, Germany. The Funds automatically transferred by UBS Europe SE to JPMorgan Chase Bank, N.A. located at 383 Madison Avenue, New York, USA on October 11, 2022 at 16:23:54 at which time the Funds were automatically transferred to JPMorgan Chase Bank's location 5177 Richmond Avenue, Houston, Texas 77056-6707. A true and correct copy of the related Interbanking Swift Screen/Tracer Delivery Report issued by Swift on November 14, 2022 at 09:18:27 is attached hereto as Exhibit "1" and incorporated herein for all purposes. The Funds are intended to be deposited into the Vilt Law, P.C. - IOLTA account ending in xx9181 ("IOLTA Account"). Instead, to date JPMorgan Chase Bank, N.A. has failed to and refuses to tender the Funds to Vilt Law, P.C.

6.      The Funds are to be utilized by Vilt Law, P.C. to purchase certain real property and the improvements thereon commonly known as known as the Rum Cay Club and related Rum Cay Marina Resort as reflected in the Letter of Intent dated October 21, 2022. A true and correct copy of the Letter of Intent is attached hereto as Exhibit "2" and incorporated herein for all purposes.

7.      In anticipation of receiving the Funds, Robert C. Vilt ("Vilt") met with Ana M.

Sauceda – Chase Bank Branch Manager of the 5177 Richmond Avenue, Houston, Texas location

("Sauceda") on October 10, 2022 to alert her that a $25,000,000 wire transfer would be coming

shortly, that the funds were to be deposited into the IOLTA Account, and to alert him once the

funds were received.

8.      Vilt met with Sauceda from time to time between October 11, 2022 through

October 14, 2022 as he grew concerned regarding the whereabouts of his Funds. Sauceda

consistently assured Vilt that she was doing everything that she could to locate the Funds and

direct them to the IOLTA account.

9.      In order to help facilitate the process of locating the Funds and directing them to

the IOLTA Account, Vilt delivered a letter addressed to Sauceda to her office at Chase Bank –

Vilt was assured that the letter would be given to Sauceda. A redacted copy of the October 14,

2022 correspondence is attached hereto as Exhibit "3" and incorporated herein for all purposes.

10.      Vilt subsequently met with Sauceda on October 17, 2022 at which time Sauceda

informed Vilt that she did not receive his October 14, 2022 correspondence. Accordingly, Vilt

went to his office and promptly emailed a copy to Sauceda. A true and correct copy of the

October 15, 2022 correspondence is attached hereto as Exhibit "4" and incorporated herein for

all purposes.

11.      Vilt sent a follow-up email to Sauceda on October 20, 2022 with detailed

instructions regarding how to locate the Funds and direct same to the IOLTA Account wherein

he requested an update on the progress- Vilt did not hear back from Sauceda. A redacted copy of

the October 20, 2022 correspondence is attached hereto as Exhibit "5" and incorporated herein

for all purposes.

3

12.     In order to further facilitate the process of locating the Funds and directing them to the IOLTA Account, Vilt emailed a letter addressed to Sauceda dated October 25, 2022 which included detailed instructions for locating the Funds and directing them to the IOLTA Account. A true and correct copy of the October 25, 2022 correspondence is attached hereto as Exhibit "6" and incorporated herein for all purposes.

13.     Vilt sent a follow-up email to Sauceda on October 26, 2022 with the contact information for Robert Bittar – the UBS banker in Switzerland ("Bittar") who personally the Funds. A true and correct copy of the October 26, 2022 correspondence is attached hereto as Exhibit "7" and incorporated herein for all purposes.

14.     In response, Vilt was contacted on October 31, 2022 by Juanita – Chase Bank Claims Escalation Group ("Juanita") who introduced herself, informed Vilt that a formal complaint had been initiated on his behalf, and assured Vilt that they would investigate the matter and take the necessary steps to locate the Funds and direct them to the IOLTA Account.

15.     Juanita called Vilt on November 02, 2022, requested the currency in which the Funds had been sent, and assured Vilt that she would forward that information to the wire transfer department which was helping with the investigation.

16.     Bittar sent an email to Sauceda on November 08, 2022 providing further information regarding locating the Funds. A redacted copy of the November 08, 2022 correspondence is attached hereto as Exhibit "8" and incorporated herein for all purposes.

17.     Vilt and Juanita interacted on several occasions via teleconference from November 02, 2022 through November 14, 2022 – Junita consistently assured Vilt that they were doing everything that they could to locate the Funds.

18.     In furtherance of his efforts to locate the Funds and direct them to the IOLTA

Account, Vilt emailed a letter addressed to Sauceda dated November 15, 2022 which included

the 11/14/22 Interbanking Swift Screen/Tracer Delivery Report previously identified as Exhibit

"1" above. A true and correct copy of the November 15, 2022 correspondence is attached hereto

as Exhibit "9" and incorporated herein for all purposes.

## FIRST CAUSE OF ACTION:
## BREACH OF CONTRACT

19.     To the extent not inconsistent herewith, Plaintiff incorporates by reference the

allegations made in paragraphs 1 through 18 as if set forth fully herein.

20.     To be entitled to recover based on a breach of contract cause of action, a party

must prove that a valid legally binding contract exists between the parties, the contract was

breached by the Defendant, Plaintiff performed or tendered performance or performance was

excused, and Defendant's breach of the contract terms caused damage to Plaintiff.

21.     Based on the depositor agreement between the parties, Defendant was required to

tender the Funds into the IOLTA Account but failed or refused to do so causing Defendant to be

in breach of the contract which caused damage to Plaintiff – the loss of $25,000,000. A redacted

copy of the Depositor Agreement is attached hereto as Exhibit "10" and incorporated herein for

all purposes.

## SECOND CAUSE OF ACTION:
## THEFT

22.     To the extent not inconsistent herewith, Plaintiff incorporates by reference the

allegations made in paragraphs 1 through 21 as if set forth fully herein.

23.     To be entitled to recover based on a theft cause of action, a party must prove (i)

plaintiff had a possessory right to property or provider of services; (ii) defendant unlawfully

appropriated, secured, or stole plaintiff's property or services; (iii) the unlawful taking was made with the intent to deprive plaintiff of the property or avoid payment of services; and (iv) plaintiff sustained damages as a result of the theft.

24.      Plaintiff has the possessory right to the Funds yet Defendant has unlawfully appropriated the Funds and continues to fail or refuses to direct the Funds to the IOLTA Account resulting in Plaintiff's actual damages in the amount of $25,000,000 as a result of Defendant's theft of the Funds.

## THIRD CAUSE OF ACTION:
## CONVERSION

25.      To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made in paragraphs 1 through 24 as if set forth fully herein.

26.      To be entitled to recover based on a conversion cause of action, a party must prove (i) plaintiff owned, possessed, or had the right to immediate possession of property; (ii) the property was personal property; (iii) defendant wrongfully exercised dominion or control over the property; and (iv) plaintiff suffered injury.

27.      As stated above, Plaintiff has the possessory right to the Funds yet Defendant continues to fail or refuses to direct the Funds to the IOLTA Account resulting in Plaintiff's actual damages in the amount of $25,000,000.

## FOURTH CAUSE OF ACTION:
## BREACH OF FIDUCIARY DUTY

28.      To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made in paragraphs 1 through 27 as if set forth fully herein.

29.      A fiduciary relationship exists between the parties as a result of the depositor agreement. Defendant is obligated to secure funds deposited by Plaintiff into its bank account as

well as funds deposited by others into its account for Plaintiff's benefit. This fiduciary relationship imposes a duty on Defendant to act with the utmost good faith in the best interests of Plaintiff. Inherent in and arising from this relationship are the fiduciary duties of loyalty, integrity, candor, and good faith. Defendant breached its fiduciary duty to Plaintiff by engaging in acts and omissions alleged herein including, inter alia, receiving the Funds from UBS Switzerland via UBS Europe SE and failing or refusing to direct the funds to the IOLTA Account.

## DAMAGES:
## ACTUAL DAMAGES

30.    Plaintiff is entitled to recover its actual damages from Defendant for which it pleads in an amount of at least $25,000,000.

## EXEMPLARY DAMAGES

31.    Plaintiff is entitled to recover its exemplary damages from Defendant for which it pleads in an amount of at least $50,000,000.

## INTEREST

32.    Plaintiff is entitled to recover prejudgment and post-judgment interest damages from Defendant for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court.

## ATTORNEYS' FEES

33.    Plaintiff is entitled to recover its reasonable and necessary attorneys' fees from Defendant for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court.

## CONDITIONS PRECEDENT

34.    All conditions precedent to Plaintiff's right to bring these causes of action have

been performed, have occurred, or have been waived.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that, upon

final hearing or trial hereof, the Court order a judgment in favor of Vilt Law, P.C. against

JPMorgan Chase Bank, N.A. for its actual damages, exemplary damages, costs of court, and such

other and further relief, both general and special, at law or in equity, to which Plaintiff may be

entitled.

Respectfully submitted,

VILT LAW, P.C.

By:    /s/ _____

ROBERT C. VILT
Texas Bar Number 00788586
Federal Bar No. 20296
Email: clay@viltlaw.com
5177 Richmond Avenue, Suite 1142
Houston, Texas 77056
Telephone:    713.840.7570
Facsimile:    713.877.1827
ATTORNEYS FOR PLAINTIFF